**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THEODORE D. SMITH,<br><br>Defendant. | Case No. 22-CR-75-3-JPS<br><br>**ORDER** |

Defendant Theodore D. Smith was sentenced in this matter on March 13, 2024. ECF Nos. 194, 201. Through his attorney, Defendant notified the Court that he did not intend to appeal his sentence. ECF No. 197. Now before the Court are two motions by Defendant: first, a motion asking this Court to recuse itself from his case, ECF No. 258, and a motion for disclosure of grand jury materials, ECF No. 260. The Government took no position on the motion for recusal and responded to the motion for disclosure of grand jury materials. ECF No. 263. For the reasons stated below, both motions will be denied without prejudice.

Turning first to Defendant's request for recusal, such requests are appropriate when the assigned judge's "impartiality might reasonably be questioned" or has "personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a), (b)(1). Defendant asserts four instances of this Court engaging in conduct or making rulings that "demonstrate bias": "[failing] to determine [his] mental competency prior to acceptance of [his] guilty plea"; "[failing] to investigate whether the indictment was legally re-presented to the grand jury"; "[p]ossible illegalities with [the] superseding

indictment procedure"; and the "[j]udge will be forced to rule against himself." ECF No. 259.

With respect to the first three instances of alleged bias, Defendant did not raise these issues while his prosecution was pending, nor did he raise them on appeal. *See* ECF No. 197. To the extent the challenges are not waived, the Court had no chance to pass judgment on these issues during this case, so it is unclear how the Court could be partial or biased on these matters. With respect to the prospect of this Court being forced to rule against itself, there are no pending matters in Defendant's criminal case. If Defendant is planning to seek civil habeas or postconviction relief (whether based on the alleged instances of bias or some other alleged defect in his prosecution), such a motion is not currently before the Court. Because there is nothing presently for the Court to rule on, there is no potential ruling on which the Court can be biased. At this time, the Court cannot say whether Defendant's request for recusal is warranted, so it will deny the motion without prejudice.

Moving to Defendant's request for disclosure of grand jury material, such material may be disclosed "preliminarily to or in connection with a judicial proceeding." FED. R. CRIM. P. 6(e)(3)(E)(i). Further, Defendant must show a "particularized need" for disclosure of the grand jury material. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1958). Defendant seeks "[t]he dates [on which] each superseding indictment was presented to and voted on by the grand jury"; "[t]he foreperson's certification and 'true bill' endorsements"; and "[t]he record of return in open court." ECF No. 260 at 1. He states that "[t]he material is needed to avoid a possible injustice in another judicial proceeding" and that "there exists a substantial question as to whether each superseding indictment was properly returned

by a duly constituted grand jury, as required by the Fifth Amendment and [Federal] Rule [of Criminal Procedure] 6." *Id.*

The Court will deny this request without prejudice as well. As the Government points out, much of the information that Defendant seeks is readily available either on the public docket or through the Clerk of Court. ECF No. 263 at 4–5.[1] The Court will direct the Clerk of Court to send Defendant a copy of his docket sheet along with this Order. The docket sheet may answer some of Defendant's questions; to the extent Defendant needs copies of specific public filings on the case docket or has further questions on how to obtain records related to the return of grand jury indictments in open court, he may write to the Clerk of Court with those requests. The Clerk of Court charges a nominal fee to send copies of docket filings; the Court cannot waive these fees. If Defendant is unable to get the information he requests through this process, or seeks other information related to grand jury proceedings, he may renew his request.

Accordingly,

**IT IS ORDERED** that Defendant Theodore D. Smith's motion for recusal, ECF No. 258, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Defendant's motion for disclosure of grand jury materials, ECF No. 260, be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that the Clerk of Court send Defendant a copy of the Government's response, ECF No. 263, and his docket sheet with this Order.

---

[1]It is not clear whether the Government served its response on Defendant, so the Court will direct that a copy of that filing be sent to Defendant along with this Order.

Dated at Milwaukee, Wisconsin, this 16th day of October, 2026.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge